# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001,<br><br>    Defendant. | Civil Action No.: |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

**STATEMENT OF FACTS**

5. On January 6, 2020, U.S. Capitol Police Lieutenant Michael Byrd shot and killed U.S. Air Force veteran Ashli Babbitt outside the Speaker's Lobby in the Capitol. Byrd reportedly was housed at Joint Base Andrews in Maryland after the shooting.

6. On January 25, 2022, Plaintiff sent a FOIA request to the Office of Information Policy ("OIP"), a component of Defendant DOJ that receives and processes FOIA requests to the offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Public Affairs, Legislative Affairs, and Legal Policy, seeking access to the following public records:

> All DOJ records in the offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Public Affairs, Legislative Affairs and Legal Policy related to the billeting of US Capitol Police Lt. Michael Byrd at Joint Base Andrews from January 6, 2021 to the present, including but not limited to authorizations, housing, meals, transportation, visitor logs, electronic communications between DOJ officials in the above-named departments and officials with the Air Force, US Capitol Police, US Justice Department and any other military or government officials, as well as electronic communications between DOJ officials and Lt. Byrd.

The time frame of the request, which was submitted via OIP's online FOIA portal, FOIA.gov, was identified as "January 6, 2021 to the present."

7. By letter dated February 28, 2023, OIP acknowledged receiving Plaintiff's request on January 25, 2023 and advised Plaintiff that the request had been assigned FOIA Tracking Number FOIA-2023-00549. OIP also invoked FOIA's 10-day extension of time provision, citing "unusual circumstances."

8. As of the date of this Complaint, OIP has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiff of the scope of any responsive records they intend to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make final determinations on Plaintiff's request by March 9, 2023 at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA and inform Plaintiff of that determination, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it

- 4 -

employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 27, 2023                                      Respectfully submitted,

/s/ *Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*